# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

U.S. VENTURE INC.,

        Plaintiff,

    v.                                  Case No. 15-C-990

MCCORMICK TRANSPORT LLC and
JOEL MCCORMICK,

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff U.S. Venture, Inc., sued Defendant McCormick Transport, LLC, for damages in the amount of $261,768 allegedly due U.S. Venture under a fuel oil purchase contract. Defendant Joel McCormick was sued under a personal guaranty he signed as a condition of the agreement between U.S. Venture and McCormick Transport. U.S. Venture is a citizen of the State of Wisconsin and Joel McCormick and both members of McCormick Transport are citizens of Michigan. Federal jurisdiction therefore exists under 28 U.S.C. § 1332. The case is before the court on the defendants' motion to dismiss for lack of personal jurisdiction. For the reasons that follow, the motion will be granted.

## FACTUAL BACKGROUND

U.S. Venture is a Wisconsin corporation with its principal place of business located in Appleton, Wisconsin and is engaged in the business of buying and selling fuel oil on the open market. (Compl. ¶ 2, ECF No. 1.) McCormick Transport is a Michigan business that transports fuel oil to customers in the State of Michigan. It operates entirely in Michigan and has no Wisconsin

customers. Prior to May of 2014, Joel McCormick, acting as an agent of McCormick Transport, contacted U.S. Venture, apparently by telephone, to inquire about purchasing fuel oil. (Posanski Aff. ¶ 2, ECF No. 12-2.) On May 14, 2014, after this initial contact, Joel McCormick signed a contract authorizing his company to buy fuel oil from U.S. Venture at a terminal in Ferrysburg, Michigan. (*Id*. ¶ 4.) The first transaction under the contract was for the purchase of 42,000 gallons of fuel oil at a fixed rate. (*Id*.) Subsequently, similar orders were made on June 3, 2014, and July 14, 2014. (*Id*. ¶¶ 5, 6.) On July 14, 2014, Joel McCormick executed a personal guaranty on behalf of McCormick Transport, which allowed for the purchase of fuel oil on credit. (*Id*. ¶ 11.)

All contact between the parties was through e-mail, fax, and telephone calls. (*Id.* ¶ 8.) All invoices and payments were directed by McCormick Transport to U.S. Venture's offices in Appleton, Wisconsin. (*Id*. ¶ 9.) At no time did an agent of McCormick Transport visit Wisconsin for business related purposes involving U.S. Venture. (McCormick Aff. ¶ 7, ECF No. 8.) When a purchase of fuel oil was made, U.S. Venture would direct its open market purchase of the fuel oil to the Ferrysburg, Michigan terminal. (*Id.* ¶ 12.) The fuel oil that McCormick Transport purchased was not shipped from Wisconsin. Instead, it was sent to the Ferrysburg terminal via the Wolverine Pipeline where McCormick Transport was able to withdraw the requested amount and deliver it to various locations in Michigan. (*Id*.)

## ANALYSIS

In a dispute over personal jurisdiction the plaintiff initially bears the burden of proving that jurisdiction exists. *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1276 (7th Cir. 1997). A federal court exercising diversity jurisdiction has personal jurisdiction over a defendant when a court of the state in which the federal court sits would have such jurisdiction. *Id*. In Wisconsin, there is a two-

step process for determining whether personal jurisdiction exists over a non-resident. *Kopke v. A. Hartrodt S.R.L.*, 2001 WI 99, ¶ 8, 245 Wis. 2d 396, 629 N.W.2d 662; *Johnson Litho Graphics of Eau Claire, Ltd. v. Sarver*, 2012 WI App 107, ¶ 6, 344 Wis. 2d 374, 824 N.W.2d 127. First, it must be determined whether Wisconsin's long-arm statute, section 801.05, confers jurisdiction over the defendant. *Id.* The statute "must be read broadly" and "liberally construed in favor of exercising jurisdiction." *Lincoln v. Seawright*, 104 Wis. 2d 4, 9, 14, 310 N.W.2d 596 (1981). If the long-arm statute by its terms confers jurisdiction, then the inquiry shifts to whether exercising personal jurisdiction over the party comports with the due process principles of "minimum contacts" and "traditional notions of fair play and substantial justice." *Regal Ware, Inc. v. TSCO Corp.*, 207 Wis. 2d 538, 542, 558 N.W.2d 679 (Ct. App. 1996) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

**Wisconsin's Long-Arm Statute**

The first step in the analysis is to determine whether McCormick Transport and Joel McCormick are subject to personal jurisdiction under Wis. Stat. § 801.05. U.S. Venture asserts that personal jurisdiction can be established under multiple sections of the statute. It specifically points to the following provisions:

(1) **Local presence or status.** In any action whether arising within or without this state, against a defendant who, when the action is commenced:

. . .

    (d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

. . .

(5) **Local services, goods or contracts.** In any action which:

. . .

3

> (b) Arises out of services actually performed for the plaintiff by the defendant within this state, or services actually performed for the defendant by the plaintiff within this state if such performance within this state was authorized or ratified by the defendant; or
>
> (c) Arises out of a promise, made anywhere to the plaintiff or to some 3rd party for the plaintiff's benefit, by the defendant to deliver or receive within this state or to ship from this state goods, documents of title, or other things of value; or
>
> . . .
>
> (e) Relates to goods, documents of title or other things of value actually received by the plaintiff in this state from the defendant without regard to where delivery to carrier occurred.

Although U.S. Venture references all of the above quoted sections of Wisconsin's long-arm statute, it offers no specific argument under any particular provision. Instead, U.S. Venture notes that Wisconsin's long-arm statute is to be "liberally construed in favor of exercising jurisdiction" and states in conclusory fashion that "it can be concluded that personal jurisdiction exists under numerous sections." (Pl.'s Mem. In Opp. at 4, 5.) U.S. Venture devotes most of its brief to the argument that the exercise of jurisdiction over the defendants would not offend due process.

The question of whether Wisconsin's long-arm statute confers jurisdiction over the defendant is not the same as whether the exercise of such jurisdiction would offend due process, however. Unlike many states, Wisconsin has not included in its statute a "catch-all" provision extending its reach to the full limits allowed under the Due Process Clause of the United States Constitution. *Compare* 735 Ill. Comp. Stat. 5/2–209(c) ("A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."). Although Wisconsin regards compliance with the State's long-arm statute as "'prima facie compliance' with the due process requirements," *Lincoln*, 104 Wis. 2d at 10, the two are not the

4

same and both requirements must be met.

Plaintiff's focus on the question of due process is nevertheless understandable in light of the Seventh Circuit's decision in *Felland v. Clifton*, 682 F.3d 665 (7th Cir. 2012). There the court stated that the two-prong framework that the Wisconsin Supreme Court had adopted for deciding whether a state court had personal jurisdiction over a non-consenting foreign defendant "should not be taken to imply that the long-arm statute limits the exercise of personal jurisdiction any more than basic considerations of due process." *Id.* at 678. "To the contrary," the *Felland* court explained, "the constitutional and statutory questions tend to merge; compliance with the Wisconsin long-arm statute creates a presumption that constitutional due process is satisfied, although the defendant of course has the opportunity to dispute personal jurisdiction on purely constitutional grounds." *Id.* "Once the requirements of due process are satisfied," the *Felland* court stated, "there is little need to conduct an independent analysis under the specific terms of the Wisconsin long-arm statute itself because the statute has been interpreted to go to the lengths of due process." *Id.*

But *Felland* dealt with a case that clearly fell within the provisions of Wisconsin's long-arm statute, as the court had "no trouble" concluding that the plaintiff had established personal jurisdiction under the "local act or omission" provision of the statute. *Id.* at 678–79 (citing Wis. Stat. § 801.05(3)). *Felland* did not hold that Wisconsin courts exercise jurisdiction over foreign non-consenting defendants in cases that do not come within any subsection of its long-arm statute. To so hold would be to ignore the plain language of the statute and disregard the two-step approach for determining whether personal jurisdiction exists that Wisconsin courts continue to follow. *See Rasmussen v. General Motors Corp.*, 2011 WI 52, ¶ 15, 335 Wis. 2d 1, 803 N.W.2d 623; *Carlson v. Fidelity Motor Group, LLC*, 2015 WI App 16, ¶ 8, 360 Wis. 2d 369, 860 N.W.2d 299. I

5

therefore turn to the specific provisions of the Wisconsin long-arm statute cited by U.S. Venture.

Consistent with federal constitutional law, Wisconsin's long-arm statute addresses both general jurisdiction and specific jurisdiction. *See Rasmussen*, 2011 WI 52, ¶ 15; *Nagel v. Crain Cutter Co.*, 50 Wis. 2d 638, 648–50, 184 N.W.2d 876 (1971). Specific jurisdiction applies when a foreign defendant has purposely directed his activities to residents of the state, and the litigation results from injuries alleged to have arisen out of those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)); *Rasmussen*, 2011 WI 52, ¶ 15. On the other hand, "if the defendant has 'continuous and systematic' contacts with a state, the defendant is subject to general jurisdiction there in any action, even if the action is unrelated to those contacts." *Northern Grain Marketing, LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (quoting *Helicopteros Nacionales de Colombia*, 466 U.S. at 416); *Rasmussen*, 2011 WI 52, ¶ 15 ("If general personal jurisdiction is accorded over a nonresident defendant, the defendant may be brought before Wisconsin courts for claims that are unrelated to the defendant's activities in Wisconsin.").

None of the specific jurisdiction provisions cited by U.S. Venture apply here. Subsection 5(b) applies where the claim arises out of a contract for services. *Nagle*, 50 Wis. 2d at 644. Here, the contract involved the purchase of goods, namely fuel oil, not services. Subsection 5(c) applies to contracts for the sale of goods, but only where the goods are either delivered to or shipped from Wisconsin. *Id.* Here, the fuel oil was neither delivered to nor shipped from Wisconsin. It was purchased on the open market and delivered to Ferrysburg, Michigan. Finally, subsection 5(e) relates to goods, documents of title or other things of value actually received by the plaintiff in this state from the defendant regardless of where delivery occurs. Money payments, however, have been

held not to constitute "other things of value" as contemplated by the statute. "The mere sending of money into this state, without more, cannot constitute a substantial minimum contact within the purview of due process requirements." *Id.* at 645.

U.S. Venture also cites section 801.05(1)(d), Wisconsin's general jurisdiction provision, as a basis of jurisdiction. Subsection (1) of section 801.05 authorizes the exercise of personal jurisdiction:

> In any action arising within or without this state, against a defendant who when the action is commenced:
>
> (a) Is a natural person present within this state when served; or
>
> (b) Is a natural person domiciled within this state; or
>
> (c) Is a domestic corporation or limited liability company; or
>
> (d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

Wis. Stat. § 801.05(1). U.S. Venture argues that the court has jurisdiction over the defendants because they "engaged in substantial and not isolated activities within this state."

The Wisconsin Supreme Court has said that section 801.05(1)(d) "corresponds in a general way to the 'doing business' statute common in other states, and presents a jurisdictional ground which is distinct from the specific sections of the long-arm statute . . . ." *Nagel*, 50 Wis. 2d at 646; *see also Rasmussen*, 2011 WI 52, ¶ 18 ("Pursuant to Wis. Stat. § 801.05(1), Wisconsin courts may exercise general personal jurisdiction over a defendant when that defendant takes up 'local presence or status' within the state."). Section 801.05(1)(d) requires the court to look to the nature of the defendants' activities in Wisconsin to determine whether they were such as to constitute substantial and not isolated activities within the meaning of the statute. *Nagel*, 50 Wis. 2d at 646. In making

7

this determination, Wisconsin courts consider five factors: "(1) the quantity of the contacts; (2) the nature and quality of the contacts; (3) the source of the contacts and their connection with the cause of action; (4) the interests of the State of Wisconsin; and (5) the convenience of the parties." *Druschel v. Cloeren*, 2006 WI App 190, ¶ 8, 295 Wis. 2d 858, 723 N.W.2d 430 (citing *Nagel*, 50 Wis. 2d at 648–50).

Upon consideration of the relevant factors here, I conclude that the defendants were not engaged in substantial activities in Wisconsin. There is no evidence that either the defendants or any agents or employees of the defendants ever physically entered Wisconsin in connection with their business or for any other reason. The defendants have no place of business, bank deposits, telephone, or telephone listing in Wisconsin. Their place of business is in Michigan and all of their customers are in Michigan. On three occasions, Joel McCormick telephoned U.S. Venture to purchase fuel oil at the Ferrysburg terminal. U.S. Venture responded by sending him a written quote, and he accepted by sending an email confirming the order. The fuel oil was sent through the Wolverine Pipeline to a terminal in Ferrysburg, Michigan, without ever entering the State of Wisconsin. McCormick Transport drew the fuel oil from the terminal at Ferrysburg and transported it to various locations in Michigan again without ever entering the State of Wisconsin. McCormick sent payments to U.S. Venture's offices in Wisconsin.

From these facts, I cannot conclude that either McCormick Transport or Joel McCormick is doing business in Wisconsin to the extent needed to confer general jurisdiction over them under section 801(1)(d). They have not engaged in substantial activities in Wisconsin so as to make them present in the state. McCormick Transport's only contacts with the state consists of the three or four telephone phone calls to U.S. Venture's Appleton offices over a three-month period of time,

sending three emails confirming the purchase order, the receipt of invoices from U.S. Venture's Appleton office, and an unspecified number of payments to U.S. Venture. Joel McCormick also apparently received a personal guaranty from U.S. Venture, which he signed and returned. Although the value of the fuel oil purchased by McCormick Transport is substantial, the defendants' actual contacts with the state are far less than those in *Nagel* where the court found that the out-of-state defendant was not engaged in substantial activities in Wisconsin.

In *Nagel*, the California defendant had no offices or place of business in Wisconsin, but its general manager had physically entered the State on its behalf. At the time suit was commenced, the defendant had been paying the Wisconsin plaintiff royalties for close to six years under a licensing agreement which gave the defendant the exclusive right to manufacture and sell plaintiff's patented carpet cutting tool. The defendant also had a separate agreement under which plaintiff agreed to manufacture and supply the defendant with blade components for the cutting tools. The case arose out of an alleged breach of the first agreement. 50 Wis. 2d at 641–42. Finding no jurisdiction for the alleged breach of contract claim under the specific jurisdiction provisions of the State's long-arm statute, the court turned to the question of whether jurisdiction over the defendant could be exercised under the general provisions of the statute. In concluding that it could not, the court noted that the Wisconsin plaintiff was the defendant's only customer in Wisconsin and the annual royalties had averaged less than $2,000 until 1969 when they grew to $4,500. With the single exception of the 1960 visit to the state, the court noted that all of the contact was by a mail order arrangement. The plaintiff's claim was unrelated to the defendant's activities in the State. Although Wisconsin had an interest in providing a forum for its citizens, the court noted that its interest was no different than any other state. Finally, the court noted that as to convenience, the mere fact that the agreement was

9

to be governed by Wisconsin law was entitled to little weight in the absence of other contacts with the State. *Id.* at 648–50.

In this case, the defendants' long distance contacts with the Wisconsin plaintiff occurred over a far shorter period of time and related entirely to the delivery of goods that had never been in the forum state to a completely different state. This is not the kind of activity, either in quantity or quality, that can reasonably be expected to subject a foreign defendant to Wisconsin's general jurisdiction, as section 801.05(1) contemplates, based on the defendant's "local presence or status." Finally, it should also be noted that subsection (1) requires the foreign defendant to be engaged in substantial activities in the state "*when the action is commenced*." At the time U.S. Venture filed suit, the defendants' activities in Wisconsin, limited though they previously had been, had ceased entirely. It thus follows that Wisconsin's long-arm statute does not confer jurisdiction over the defendants and their motion should therefore be granted.

## CONCLUSION

U.S. Venture had the initial burden of proving personal jurisdiction. Even construing section 801.05 broadly, the facts here do not support a finding of personal jurisdiction under any of the provisions cited. Because the plaintiff has failed to establish that personal jurisdiction exists over the defendants under Wisconsin's long-arm statute, there is no need to delve into the due process prong of the analysis. Accordingly, the motion to dismiss is **GRANTED**, and the action is dismissed without prejudice**.** The Clerk is directed to enter judgment accordingly.

Dated this  3rd  day of November, 2015.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
